UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JACOB DYLAN PLANK,

        Petitioner,

v.

MICHELLE LAJOYE-YOUNG,

        Respondent.

Case No. 1:23-cv-125

Hon. Jane M. Beckering

_____/

## **OPINION**

At the time Petitioner Jacob Dylan Plank filed his petition, he was housed in the Kent County Jail pending sentencing on two of three criminal prosecutions in the Kent County Circuit Court: Case No. 22-9059-FH; Case No. 22-09153-FH; and Case No. 22-10365-FH. *See* https://www.accesskent.com/CNSearch/appStart.action (select Criminal Case Search, First Name "Jacob," Last Name "Plank," Year of Birth "1994," complete CAPTCHA, select Search Criminal Cases) (last visited Mar. 20, 2023).[1] In Case No. 22-09059-FH, Petitioner was charged with uttering and publishing, in violation of Mich. Comp. Laws § 750.249. The court entered an order of *nolle prosequi* on November 28, 2022, pursuant to pleas entered in the two other cases.

In Case No. 22-09153, Petitioner was charged with domestic violence-third offense, in violation of Mich. Comp. Laws § 750.814, and resisting a police officer, in violation of 750.81(d).

---

[1] The Kent County Circuit Court made criminal case information available online until April 11, 2023. On that date, Michigan's "Clean Slate" law became fully effective. 2020 Mich. Pub. Acts 193. That law automatically sets aside certain felony and misdemeanor convictions. Because public disclosure of such expunged convictions would be inappropriate, the Kent County Circuit Court is no longer providing access to the online criminal case search tool "until the court is able to update records that are automatically set aside by the Michigan State Police . . . ." https://www.accesskent.com/CNSearch/appStart.action (last visited Apr. 18, 2023).

Additionally, Petitioner was given notice of a sentencing enhancement as a habitual offender-fourth offense, Mich. Comp. Laws § 769.12. Plaintiff entered a guilty plea to the criminal charges and the court dismissed the sentencing enhancement. Petitioner was scheduled for sentencing during March of 2023.

In Case No. 22-10365-FH, Petitioner was charged with uttering and publishing, in violation of Mich. Comp. Laws § 750.249, and he was given notice of a fourth habitual offender sentencing enhancement. On November 28, 2022, Petitioner pleaded guilty to an amended charge of attempted uttering and publishing; the initial charge and the sentencing enhancement were dismissed. Petitioner was scheduled for sentencing during March of 2023.

Petitioner has now been sentenced.

Petitioner presents the following habeas grounds:

I. Unreasonable pretrial bond amount regarding severity of crime/ability to show up for court.

II. Abuse of judge's authority to revoke bond.

III. Elements of crimes not being met in order to bind over to circuit court.

IV. Coercion and entrapment by undercover against who are/were listening to my thoughts via technology/implying conspiracy.

V. Pretrial sentencing not scheduled in a timely manner from date of plea, namely more than double the typical 4–6 weeks range from plea date ([presently] 13 weeks from plea date).

(Pet., ECF No. 1, PageID.6–8.) Petitioner asks this Court to order reinstatement of bond or dismissal of all charges.

When a person is in custody pursuant to the judgment of a state court, he may seek release by way of a writ of habeas corpus under 28 U.S.C. § 2254. When Petitioner filed his petition, however, he was not yet detained pursuant to a judgment. That fact is significant because this Court's jurisdiction "depends upon the state of things at the time of the action brought." *Grupo*

2

*Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004) (quoting *Mollan v. Torrance*, 9 Wheat. 537, 539 (1824)) (internal quotation marks omitted).

Petitioner was not in custody pursuant to the judgment of a state court when he filed the instant petition; he was in a slightly different procedural position. He had pleaded guilty to charges in two cases, but when he initiated this action, he was not yet held pursuant to the judgment of a state court. The Kent County Circuit Court did not enter judgment until recently, after Petitioner had been sentenced. Thus, the challenge to the constitutionality of his detention, at the time it was filed, had to be raised under 28 U.S.C. § 2241. *See Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981).[2] Petitioner seeks relief under that statutory section. (Pet., ECF No. 1, PageID.1.)

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.[3] The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases. After undertaking the review required by Rule 4, it plainly appears from the face of the petition that Petitioner is not entitled to relief because he has failed to exhaust his state court remedies. Accordingly, the Court will summarily dismiss the petition without prejudice.

---

[2] *Atkins*—and the cases cited therein—sometimes use the terms pre-trial and post-trial, but the language of the statute and the reasoning employed by the courts suggest the line would be more appropriately characterized as falling between pre-judgment and post-judgment. *See, e.g.*, *Burton v. Stewart*, 549 U.S. 147, 156 (2007) ("Final judgment in a criminal case means sentence[;] . . . [t]he sentence is the judgment." (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)) (internal quotation marks omitted)); *Flanagan v. United States*, 465 U.S. 259, 263 (1984) (concluding that final judgment does not occur "until after conviction **_and_** the imposition of sentence." (emphasis added)).

[3] The Rules Governing § 2254 Cases may be applied to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

## Discussion

**I.      Exhaustion under § 2241**

A claim for habeas relief under § 2241 is not subject to all of the specific statutory requirements set forth in § 2254. Thus, the § 2254 bar on habeas relief "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1), does not apply to a § 2241 habeas petitioner. Nonetheless, a prejudgment detainee may not simply seek relief in federal court under § 2241 where state relief is still available. A federal court ordinarily "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins*, 644 F.2d at 546 & n.1; *see also Phillips v. Court of Common Pleas, Hamilton Cnty, Ohio*, 668 F.3d 804, 810 n.4 (6th Cir. 2012) ("Unlike exhaustion under § 2254, exhaustion under § 2241 is not a statutory requirement. *Compare* 28 U.S.C. § 2254(b)(1)(A), *with id.* § 2241. Rather, in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'").

The Sixth Circuit has approved consideration of a prejudgment § 2241 petition only in three exceptional circumstances: (1) when the petitioner seeks a speedy trial, *Atkins* 644 F.2d at 546–47; (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and (3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1990). Petitioner's habeas grounds I, II, III, and IV, do not fall within any of these exceptional circumstances. In habeas ground V, Petitioner contends that there was an undue delay between entry of his pleas and sentencing. That contention bears some resemblance to the "speedy trial" challenge mentioned in *Atkins*.

A.     **Petitioner's Request for Speed**

The Sixth Amendment guarantee of a speedy trial is evaluated based on the length of time between the date of arrest and the date of trial. *United States v. Marion*, 404 U.S. 307, 320 (1971). Petitioner's claim does not challenge the length of that period; instead he suggests that the Sixth Amendment right requires trial courts to sentence a defendant within a reasonable time after guilt is determined—typically by trial, but in this case by plea.

The Sixth Circuit previously suggested that the Sixth Amendment includes some requirement for a "speedy sentencing." *See United States v. Reese*, 568 F.2d 1246, 1252–1253 (6th Cir. 1977) (considering the delay between the return of the verdict and sentencing under the Sixth Amendment); *United States v. Thomas*, 167 F.3d 299, 303–04 (6th Cir. 1999) (acknowledging that *Reese* held a defendant is entitled to a speedy sentencing and considering the duration of the delay under the *Barker v. Wingo*, 407 U.S. 514, 530 (1972), speedy trial factors). But that avenue of relief was barred by the Supreme Court's decision in *Betterman v. Montana*, 578 U.S. 437 (2016):

> The Sixth Amendment to the U.S. Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . . ." Does the Sixth Amendment's speedy trial guarantee apply to the sentencing phase of a criminal prosecution? That is the sole question this case presents. We hold that the guarantee protects the accused from arrest or indictment through trial, but does not apply once a defendant has been found guilty at trial or has pleaded guilty to criminal charges. For inordinate delay in sentencing, although the Speedy Trial Clause does not govern, a defendant may have other recourse, including, in appropriate circumstances, tailored relief under the Due Process Clauses of the Fifth and Fourteenth Amendments.

*Betterman*, 578 U.S. at 439.

The delay between Petitioner's plea and sentence here is just a few months. That sort of delay is entirely unremarkable, particularly given that the "central feature of contemporary sentencing in both federal and state courts is preparation by the probation office, and review by the parties and the court, of a presentence investigation report." *Id*. at 446. As the Supreme Court

5

recognized, the preparation of a presentence investigation report "requires some amount of wholly reasonable presentencing delay." *Id*.

To the extent Petitioner's "speedy sentencing" claim depends on general notions of due process—the only "speedy sentencing" claim that survived Betterman—it does not fall within the *Atkins* exceptional circumstances that permit a prejudgment petition. But even if Petitioner could somehow squeeze the claim within those narrow boundaries, the relief he seeks would not be available.

> Not every speedy trial claim is properly raised by way of a prejudgment habeas petition:
>
> [T]he speedy trial clause protects two related but distinct interests: the enforcement of the state's duty to provide a prompt trial and the protection of defendants from the prejudice that arises from a state's failure to carry out that duty. As noted by the Fifth Circuit in *Brown v. Estelle*, . . . "(t)his distinction apparently turns upon the type of relief sought: an attempt to dismiss an indictment or otherwise prevent a prosecution" protects the defendant from prejudice and is normally not attainable by way of pretrial habeas corpus; but an attempt to force the state to go to trial may be made prior to trial, although state remedies must still be exhausted. 530 F.2d [1280, 1283 (5th Cir. 1976)].

*Atkins*, 644 F.2d at 547. Thus, if a prejudgment habeas petitioner were asking a federal court to order the state court to provide a prompt trial—and if he had already exhausted his state court remedies—the federal court could entertain the petition. If the relief the petitioner requested was release, on the other hand, it "[would] not [be] attainable by way of pretrial habeas corpus." *Id*. When a habeas petitioner brings a prejudgment habeas petition seeking dismissal of the charges against him because of a violation of the speedy trial guarantee, his habeas action must await the conclusion of the state proceedings. *See In Re Justices of Superior Court Dep't of Mass. Trial Court*, 218 F.3d 11, 17, n.5 (1st Cir. 2000).

The same limit on prejudgment habeas relief should apply to a "speedy sentencing" claim. The relief Petitioner seeks here for violation of his speedy sentencing rights—release—is simply not available by way of a prejudgment petition under § 2241.[4]

### B.    Other grounds for relief

Even if Petitioner's other grounds for relief from his prejudgment detention were permitted, he would still have to exhaust his state court remedies. *See Braden v. 30th Jud. Cir. Court*, 410 U.S. 484, 490–91 (1973) (recognizing the long-standing judicial doctrine of exhaustion of state-court remedies in all habeas action); *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008); *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981) (holding that a pretrial detainee may file a § 2241 petition after state remedies are exhausted). The requirement that a habeas petitioner exhaust state-court remedies before seeking relief in federal court "protect[s] the state court's opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins*, 644 F.2d at 546.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner does not indicate that he has sought relief in the state courts—at least not beyond the Kent County Circuit Court—for the constitutional violations he alleges. Under state statutes and the Michigan Court Rules, it appears that state-court remedies are still available to Petitioner, including available appeals of the judgment. Relief under § 2241 is not available until after Petitioner has pursued his state court remedies.[5]

---

[4] Moreover, the only available relief—an order compelling the state court to promptly sentence Petitioner—would be meaningless because he has already been sentenced.

[5] If Petitioner were to renew his request for relief by way of a new petition filed today, it would no longer be a prejudgment petition under § 2241. The petition would instead fall within the Court's jurisdiction under § 2254. The requirement to exhaust state court remedies would also apply in that context.

## II. Certificate of appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court concludes that Petitioner's application is properly denied because he has failed to exhaust available state court remedies. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed as premature and unexhausted. Therefore, a certificate of appealability will be denied. For the same reasons, the Court concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter a judgment dismissing the petition without prejudice for lack of exhaustion and denying a certificate of appealability.

Dated:    April 25, 2023               /s/ Jane M. Beckering
                                                                               Jane M. Beckering
                                                                               United States District Judge